UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERNESTO HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-11 |
| | § | |
| CST DRILLING FLUID, INC. D/B/A CST | § | |
| LAYDOWN & PICKUP SERVICES, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER OF REMAND**

On this day came on to be considered Plaintiff's oral motion to remand this case back to state court.[1]   For the reasons stated herein, the Court GRANTS Plaintiff's motion and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 229th Judicial District Court of Duval County, Texas, where it was originally filed and assigned Cause Number DC-07-148.

I.      **Factual Background**

Plaintiff Ernesto Hernandez, Jr., while working as an employee of Allis-Chalmers Energy, was injured on the Grey Wolf Oil Rig in Iberville Parish, Louisiana.  (D.E. 1, Notice of Removal, Exh. A, Plaintiff's Original Petition, ¶¶ 7-9; Exh. C, France Aff., ¶¶ 3-4).  Defendant CST Drilling Fluid, Inc., D/B/A CST Laydown & Pickup Services (hereinafter, "CST"), was hired to provide "laydown services" at the oil rig.  (France Aff., ¶ 3).  Plaintiff's employer, Allis-Chalmers Energy, was responsible for "casing work" on the rig.  (Id., ¶ 4).  While working on the rig on March 24, 2007, Plaintiff was injured and "his foot and toes were crushed." (Plaintiff's Original Petition, ¶ 9).  Defendant Ramiro Suarez, Jr. was an employee of Defendant

---

[1]Plaintiff made this oral motion to remand at a telephonic hearing before the Court on January 11, 2008.

1

CST, and he was operating the CST equipment on the day of Plaintiff's injury.  (Id., ¶ 8; France Aff., ¶ 5).

## II.   **Procedural Background**

Plaintiff filed his Original Petition in Texas state court on June 28, 2007.  (Plaintiff's Original Petition).  Plaintiff named CST and Ramiro Suarez, Jr. as Defendants in the case.  (Id.).  Plaintiff brings negligence claims against both Defendants.  (Id., ¶¶ 9-10).  CST is a citizen of Louisiana and Mr. Suarez, like Plaintiff, is a citizen of Texas.  (Id., ¶¶ 2, 4; Notice of Removal, p. 2).  CST was served on August 31, 2007, and Mr. Suarez was served on September 6, 2007.  (Notice of Removal, p. 1; State Court Docket Sheet).

Defendant CST removed the case on January 10, 2008 (Notice of Removal).  CST removed the case on the basis of diversity jurisdiction, claiming that Defendant Suarez was fraudulently joined to defeat diversity.  (Id., pp. 2-6).  Defendant Suarez has been named in this case since its inception, and Plaintiff has not changed his allegations against Defendant Suarez.  (Plaintiff's Original Petition; Plaintiff's Third Amended Original Petition).

## III.   **Discussion**

### A.   **General Removal Principles**

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  See 28 U.S.C. § 1441(a).  A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly

construed in favor of remand." <u>Manguno</u>, 276 F.3d at 723; <u>see</u> <u>also</u> <u>Acuna v. Brown & Root,</u> <u>Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000) ("doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"); <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941).

It is well-settled that the removing party bears the burden of showing that the removal was proper. <u>See</u> <u>Frank v. Bear Stearns & Co.</u>, 128 F.3d 919, 921-22 (5th Cir. 1997). This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute. <u>See</u> <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365 (5th Cir. 1995).

Where the alleged basis for federal jurisdiction is diversity  under 28 U.S.C. § 1332, a party may remove a case if there is: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000, exclusive of interests and costs. <u>See</u> 28 U.S.C. § 1332(a).

B.   **Timing of Removal**

28 U.S.C. § 1446(b) provides that a notice of removal must be filed within <u>thirty days</u> "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

The statutory thirty day period to file a notice of removal is mandatory; the "Court cannot extend it and the parties may not accomplish the same result by stipulation." <u>Pace v. Chevron</u> <u>U.S.A., Inc.</u>, 1993 WL 262694, * 1 (E.D. La. 1993) (citing <u>Albonetti v. GAF Corp-Chem.</u> <u>Group</u>, 520 F.Supp. 825, 827 (S.D. Tex. 1981)).

C.      **CST's Removal Was Untimely**

In this case, CST concedes that they were served with Plaintiffs' Original Petition on August 31, 2007.  (Notice of Removal, p. 1, ¶ I ("Service of citation was made on CST Drilling on August 31, 2007).  Pursuant to 28 U.S.C. § 1446(b), CST had thirty days from the date of service to remove the case.  See  Board of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp., 478 F.3d 274, 278 (5th Cir. 2007) (holding that the Section 1446(b) thirty day time period for removal "commences on formal service of process").  The deadline for CST to remove the case therefore fell on October 1, 2007.[2]

Even though the deadline for CST to remove the case passed on October 1, 2007, CST did not remove the case until January 10, 2008--*more than three months after the deadline had passed.*  This is patently untimely under 28 U.S.C. § 1446(b).[3]   Because CST's removal was untimely, the case must be remanded back to state court.  28 U.S.C. § 1446(b); see also Parham v. Waller Funeral Home, Inc., 2006 WL 2855036, *2 (N.D. Miss. 2006) ("The defendant's notice

---

[2]Thirty days after August 31, 2007 falls on September 30, 2007.   September 30, 2007 is a Sunday.  Pursuant to Federal Rule of Civil Procedure 6(a), if a deadline falls on a Saturday, Sunday, legal holiday, or a day when the clerk's office is inaccessible, the time period is extended "until the end of the next day which is not one of the aforementioned days."  Fed. R. Civ. P. 6(a).  Federal Rule of Civil Procedure 6(a) applies to "any applicable statute," and numerous courts have applied Rule 6(a) to determine the proper deadline for removal under 28 U.S.C. § 1446(a).  See, e.g., Wells v. Gateways Hosp. & Mental Health Ctr., 76 F.3d 390 (9th Cir. 1996) (using Rule 6(a) to extend removal filing deadline from thirtieth day, which landed on a Sunday, to the following Monday); Medina v. Wal-Mart Stores, Inc., 945 F.Supp. 519, 520 (W.D.N.Y. 1996) (thirtieth day after service fell on a Saturday, so the last day defendant could file a notice of removal became the following Monday).  Accordingly,  the deadline for CST to remove this case fell on Monday, October 1, 2007.

[3]In its Notice of Removal, CST claimed that nondiverse Defendant Suarez was fraudulently joined to defeat diversity.  (Notice of Removal, pp. 2-6).  CST had this information about the alleged fraudulent joinder when it was served with Plaintiff's Original Petition on August 31, 2007, yet CST still waited until January, 2008 to remove the case.  This was well beyond the thirty days allowed under Section 1446(b).

of removal should have been filed within thirty days of the original complaint and is, therefore, untimely.").

        D.      **<u>Defendant's Argument Regarding the Amount in Controversy</u>**

At the telephonic hearing before the Court on January 11, 2008, CST argued that its removal was late because CST was previously unaware that the amount in controversy exceeded $75,000.  As set forth below, this argument is unpersuasive.

The Fifth Circuit has held that the thirty-day time limit in 28 U.S.C. § 1446(b), with respect to an initial pleading, is triggered "when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."  <u>Bosky v. Kroger Texas, LP</u>, 288 F.3d 208, 210 (5th Cir. 2002); <u>see also</u> <u>Chapman v. Powermatic</u>, 969 F.2d 160, 163 (5th Cir. 1992).

In this case, Plaintiff's Original Petition, which was served on CST on August 31, 2007, affirmatively reveals on its face that the amount in controversy is greater than $75,000.00. (Plaintiff's Original Petition, ¶ 9).  Although Plaintiff's Original Petition does not set forth a specific amount of damages, Plaintiff claims that he was "seriously injured" in the incident in question, and that his "foot and toes were *crushed*."  (<u>Id.</u>) (emphasis added).  Plaintiff seeks damages for physical pain, mental anguish, loss of earnings and earning capacity, physical impairment, disfigurement and medical care.  (<u>Id.</u>, ¶ 11).  Where a Plaintiff's petition contains allegations such as these, the Fifth Circuit has found that it is "facially apparent" that the petition supports federal jurisdiction.  <u>See</u>, <u>e.g.</u>, <u>Gebbia v. Wal-Mart Stores, Inc.</u>, 233 F.3d 880, 883 (5th Cir. 2000); <u>Luckett v. Delta Airlines</u>,  171 F.3d 295, 298 (5th Cir. 1999).

In this case, given Plaintiff's allegations of a "crushed" foot and toes, Plaintiff's Original Petition affirmatively reveals on its face that the amount in controversy is greater than $75,000. See id.; Plaintiff's Original Petition, ¶¶ 9-10.  CST was served with Plaintiff's Original Petition on August 31, 2007, yet failed to remove the case until January 10, 2008.  Such a removal is clearly untimely under 28 U.S.C. § 1446(b), and the case must be remanded back to state court.

**IV**.   **Conclusion**

For the reasons stated above, this Court determines that it does not have jurisdiction over the above-styled action.  The Court hereby GRANTS Plaintiff's oral motion to remand, and this case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 229th Judicial Distrrt of Duval County, Texas, where it was originally filed and assigned Cause Number DC-07-148.

SIGNED and ORDERED this 11th day of January, 2008.

Janis Graham Jack
United States District Judge